

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ramey A. Smith
District Attorney
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-3603
Re: Whether the attached
consignment contract
violates the Anti-
trust Laws.

We are in receipt of your letter of May 24, request-
ing our opinion as to whether the consignment contract, copy
of which is attached hereto, violates the Anti-trust Laws of
Texas. The attached form of contract between Furst and Thomas
of Freeport, Illinois, consignors, and a consignee located in
Texas provides for shipment of goods by consignors from Memphis,
Tennessee to the consignee in Texas, the transportation, stor-
age and sale of said goods to be at consignee's expense and
risk; the consignee, after sale of the goods to his customers
by him, to remit to consignors the wholesale prices thereof.
No restriction appears to be placed upon consignee as to the
prices at which he may sell the goods. The consignee, however,
appears to be limited to a designated territory and he "agrees
to have no other business or employment, and to sell only goods
consigned to him by the said consignors." The contract express-
ly provides, in Paragraph 3 thereof, that: "All said goods so
consigned are to remain the property of the consignors and title
to same shall not pass to the consignee." It appears from Para-
graph 6 of the contract, that the consignee is not bound or re-
quired to pay consignor for any goods until after he, the con-
signee, shall have sold the same. Paragraph 6 also provides
for return of unsold merchandise to consignors at the termina-
tion of the contract.

We believe, that on its face, this contract is not
one of sale of goods by the party designated as consignor to
the party designated as consignee, but is rather, as it purports
to be, a contract of consignment. The contract is peculiarly

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ramey A. Smith, Page 2

similar in nearly all of its terms to the one before the court in Stein Double Cushion Tire Co. v. Wm. T. Fulton Co., 159 S. W. 1013, wherein the Dallas Court of Civil Appeals, in holding that the contract before it did not violate the Texas Anti-trust Laws, said:

> "* * *. The contract under consideration should, in our opinion, be construed as one of consignment, and not one of sale. Such it purports to be by its very terms. * * *."

After summarizing the provisions of the contract, the opinion continues:

> "These provisions of the contract, it occurs to us, clearly indicate that it was the purpose and intention of the parties thereto to constitute the Fulton Company of Texas appellant's factor or agent to sell the goods delivered to it on commission; the general property in the goods remaining in the consignor. * * *."

Another case involving a contract again peculiarly similar to the one here involved is La Fon v. Falls Rubber Co., 242 S. W. 346. Jenkins, J. in the opinion of the Court of Civil Appeals of Austin summarized the contract there involved as follows, at p. 348:

> "In the instant case, the appellee, a foreign corporation, shipped its goods to La Fon to be by him stored in his warehouse, in Waco, Tex., and by him to be sold and delivered in Texas, in the counties specified in the contract. The agent was authorized to consummate such sales without referring them to his principal for approval. Each sale would be a sale by appellee in this state, through its agent who maintained a place of business in Waco, Texas., and sold the goods of appellee stored in a warehouse in that city."

In holding that this contract did not violate the Texas Anti-trust Laws, the court continued:

"But the appellee, as owner of the goods, had the right to determine to whom it would sell the same and at what price, and had the same right when selling through its agent as if it had been making such sales itself. Such restriction upon its agent would not violate our statutes forbidding contracts in restriction of trade."

The Court of Civil Appeals refused relief to the Falls Rubber Company in its suit on this contract against La Fon on the theory that the appellee, the Falls Rubber Company, was a foreign corporation doing business in Texas through its agent without a permit.

The Commission of Appeals reversed this opinion of the Austin Court of Civil Appeals in Falls Rubber Co. v. La Fon, 256 S. W. 577, on the ground that the contract in question was in fact an interstate contract wherefore the Falls Rubber Company was entitled to relief in Texas Courts even though it did not have a permit to transact business in Texas. It is significant, however, that the Commission of Appeals likewise construed the contract as a contract of consignment and not a contract of sale declaring at p. 579:

"* * *. Notwithstanding the contract refers to and designates La Fon as 'agent,' this would not be controlling. The exact relation between them must be determined by the legal effect of the provisions of the contract itself, and it is generally held that the relation of the parties under the ordinary consignment agreement is more exactly that of factor and principal; and, while it is true a factor is in the last analysis an agent, the agency is a limited one. * * *."

In Henderson Tire & Rubber Co., v. Roberts, 12 S. W. (2d) 154, Judge Critz, then on the Commission of Appeals, cited the above two mentioned cases with approval and reaffirmed the doctrine which they announced in the following language:

"We agree with the contention of plaintiff that, so far as interstate shipments are concerned, 'it is well settled that obligations arising out of agency contracts between

consignors and consignees, giving the consignee exclusive right of sale within a designated territory, and the consignee agreeing to carry no stock, and not to advertise, and not to sell the goods of any other manufacturer, are enforceable under the laws of this State.' * * *."

After pointing out the distinction between contracts of sale and contracts of consignment or agency, the court held the contract there in question to be void as being in violation of the Anti-trust Laws, not because of the express terms of the contract, but because of the surrounding facts and circumstances showing the transaction to be in fact a sale rather than a consignment. The court said:

"The contract of date November 7, 1921, might be legal as a pure agency contract if carried out as such, because, in such event, it would solely have affected interstate commerce, but if the intent, and purpose of the contract, as evidenced by the record and testimony, shows that it was to effect a direct outright sale to defendants, wherein the property sold, and now sued upon, became a part of the common mass of property in this state, and subject to its laws, the fact that the contract might have been legal on its face, as an agency contract, does not relieve it of its illegality as actually operated under and carried out. W. T. Rawleigh Co. v. Land (Tex. Civ. App.) 261 S. W. 186; Id., 115 Tex. 319, 279 S. W. 810. In other words, if the tires in question were sold outright to defendants, and after they arrived in Texas, being the property of defendants, were subject to the illegal provisions of said contract, as a condition precedent to such sale, then the transaction taken as a whole was rendered illegal and unenforceable."

We believe that the attached contract does not on its face violate the Anti-trust Laws in that it appears to us to be clearly a contract of consignment and as such does not violate the Anti-trust Laws under the foregoing authorities. If the written contract does not in fact reflect the true relationship

between the parties and it can be shown that the transactions between the so-called consignors and so-called consignee are in fact sales of goods (as was done in Henderson Tire & Rubber Co. v. Roberts, supra) then such contract would be a violation of the Anti-trust Laws of Texas as to Paragraph 4 thereof wherein the consignee agrees to limit himself in the sale of the goods to a "territory to be assigned to him" and wherein the assignee agrees "to have no other business or employment and to sell only goods consigned to him by the said consignors." Whether you would be able to establish facts necessary to show a sale of goods to the so-called assignee, in the face of the express provisions to the contrary in the written contract, is a question of proof wherein we, of course, cannot advise you. We hope the authorities herein cited may be helpful to you in this connection.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_

Walter R. Koch
Assistant

APPROVED JUN 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WRK:RS



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN